The order nisi herein is recalled at the cost of the relators.

O'NIELL, J., concurs in the decree.

---

(66 South. 390)

No. 20462.

In re RECEIVERSHIP OF LEIDIGH-DALTON LUMBER CO., Limited.

(Oct. 19, 1914. Rehearing Denied Nov. 16, 1914.)

*(Syllabus by the Court.)*

1. CORPORATIONS ☞554, 557 — PROCEEDINGS BY STOCKHOLDER AND CREDITOR—APPOINTMENT OF RECEIVER—JUDGMENT.

Where a person, who is at once a stockholder and creditor of a corporation, applies for the appointment of a receiver, he is not required, under section 1, pars. 2 and 11, of Act No. 159 of 1898, to proceed upon a judgment, previously obtained, or to pray for any other judgment than that making the appointment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2220, 2227, 2228, 2230–2236; Dec. Dig. ☞554, 557.]

2. CORPORATIONS ☞553 — APPOINTMENT OF RECEIVER — GROUNDS — MISMANAGEMENT OF FUNDS.

Where it appears that the majority stockholders and directors of a corporation are permitting the president to handle its funds in a manner equally irregular and unauthorized, and that not even an intelligible account is kept by him of his operations, a receiver may be appointed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. ☞553.]

Appeal from Third Judicial District Court, Parish of Bienville; W. C. Barnette, Judge.

Receivership of the Leidigh-Dalton Lumber Company, Limited. From a judgment appointing a receiver, the Company and J. L. Baker, a stockholder therein, appeal. Affirmed.

S. C. McGarrity and W. U. Richardson, both of Arcadia, for appellants. Stubbs, Russell, Theus & Wolff, of Monroe, and Wimberly, Reeves & Dormon, of Shreveport, for appellee.

MONROE, C. J. [1, 2] The Leidigh-Dalton Lumber Company, Limited, and J. L. Baker, a stockholder therein, prosecute this appeal from a judgment appointing a receiver to that company. Counsel for appellant say in their brief:

"There is error in the judgment rendered by the lower court, appointing a receiver for the Leidigh-Dalton Lumber Company, Limited, for the following reasons:

"First. It is settled jurisprudence for the state of Louisiana that, forcing a corporation into judicial receivership, under Act 159 of 1898, is an ancillary or auxiliary proceeding, subordinate and subservient to a judgment rendered against the corporation and in favor of plaintiff.

"Second. If a corporation could be forced into a judicial receivership, by an alleged creditor and a minority stockholder, without first obtaining a judgment, on which to base the appointment of a receiver, then the facts and the law in this case are not sufficient to warrant the appointment of a receiver."

I. Plaintiff, Richard Colbert, alleges (among other things) that the majority of the stockholders are violating—

"or permitting the president * * * to violate, the charter rights of your petitioner, who is a minority stockholder and creditor, and are putting his rights in imminent danger, by misappropriating the funds of said corporation and paying out the same on debts of the individual stockholders and others, and not using the money and assets of said corporation for the purpose named in its charter," etc.

So far, therefore, as the capacity of the plaintiff is concerned, the suit is specifically authorized by Act 159 of 1898, § 1, pars. 2 and 11, which read:

"Section 1. * * * The several district courts * * * are empowered to appoint receivers * * * in the cases and under the conditions following, to wit: * * *

"2. At the instance of any stockholder or

creditor, when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business or by committing acts ultra vires, or by wasting, misusing, or misapplying the property or funds of the corporation. * * *

"11. At the instance of any stockholder when a majority of the stockholders are violating the charter rights of the minority and putting their interests in imminent danger."

II. Following the allegation that:

"The majority of the stockholders are violating, or permitting the president of the corporation, namely, J. L. Baker, to violate the charter rights of your petitioner, * * * by misappropriating the funds * * * and paying at the same time on debts of the individual stockholders or others, and not using the money and assets * * * for the purpose named in the charter"

—the petition particularizes as follows:

"And especially by the misapplication of more than $2,000, received by said J. L. Baker, president, from the Gibsland State Bank and its receiver and liquidators; * * * $18,000 in money and notes, received by the said J. L. Baker, president, from the Dalton Lumber & Tie Company, Limited; * * * $14,770 in cash, received from A. R. Johnson and J. L. Baker."

The evidence offered in support of the foregoing allegations shows that the funds of the corporation have been, and are being, handled by the president in a manner equally irregular and unauthorized, and that not even an intelligible account has been kept by him of his operations. In fact, counsel for defendant have presented no argument upon that point. The judgment appealed from is accordingly affirmed.